PEARL INVESTMENTS,
LLC, Plaintiff

v.

STANDARD I/O, INC. and Jesse
Chunn, Defendants

Jesse Chunn, Third–Party Plaintiff

v.

Dennis Daudelin, Third–
Party Defendant

No. CIV. 02–50–P–H.

United States District Court,
D. Maine.

Oct. 21, 2003.

Todd S. Holbrook, John G. Osborn, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Pearl Investments, LLC, Dennis Daudelin.

Robert H. Stier, Pierce, Atwood, Portland, ME, for Standard I/O Inc., Jesse Chunn.

**ORDER ON MOTIONS IN LIMINE**

HORNBY, District Judge.

1. *Motion in Limine of Pearl Investments, LLC, and Dennis Daudelin to Ex-*

*clude Evidence or Argument Regarding Software Damage or Punitive Damages Related to Jesse Chunn's Conversion Counterclaim* (Docket Item 73). The motion to exclude evidence or argument regarding software damage in the conversion counterclaim is GRANTED. The premise for the conversion claim as pleaded in the counterclaim is Daudelin's action. Countercl. ¶ 29. But Daudelin took his action after the software was already destroyed by A.B. Watley's installing the Linux system on Chunn's server. Countercl. ¶¶ 16–17. Chunn argues that Pearl nevertheless may be liable for independent contractor A.B. Watley's action under general tort principles. # 81. Whether or not the latter proposition is correct, the liability would not be for conversion, the only remaining issue on the counterclaim.

Pearl also argues that the findings in the Magistrate Judge's Recommended Decision, as affirmed by me, precludes any argument that punitive damages are appropriate for Chunn's conversion claim. It is true that the Recommended Decision suggests that Pearl acted in good faith in confiscating the server. However, Pearl's summary judgment motions did not argue that there should be no punitive damages concerning the conversion counterclaim. Thus, it would be procedurally improper to treat the Recommended Decision as having decided anything on the issue of punitive damages. At most, the evidence reflected in the summary judgment decision suggests that punitive damages are highly unlikely and that a motion for judgment as a matter of law at the end of the case may be appropriate. Therefore, there shall be no reference to punitive damages in opening statements and until we see whether Chunn has clear and convincing evidence of malice.

2. *Motion in Limine by Standard I/O and Jesse Chunn No. 3: To Exclude Ref-* *erences to "Testing" of Pearl's System* (Docket Item 76). The motion to exclude reference to testing is GRANTED so far as openings are concerned and is GRANTED so far as evidence is concerned unless and until Pearl establishes a proper foundation. Based upon the current submissions, the testimony about testing appears to be in the nature of expert testimony, and no foundation has been laid to meet *Daubert /Kumho* principles.

3. *Motion in Limine By Standard I/O and Jesse Chunn No. 2: To Exclude the "Exhibit G" Document or References Thereto* (Docket Item 75). The motion to exclude Exhibit G, the tunneling document, is DENIED. The Rule 403 argument is rejected outright. The term is contained in the document and is not inflammatory. Its usage can be adequately explained in testimony. So far as a discovery violation is concerned, one lawyer says essentially, "Before discovery I sent it; it's listed as an attachment in a letter and it's in our file copy of what we sent." The other lawyer says, "I never received it; it's not in the package of materials I have, and you never produced it during formal discovery." But there was no motion to compel when the document was observed as missing from the letter attachments and later formal discovery productions, and the document has now been in the hands of the complaining party for several months. This ruling of course does not address authentication, hearsay, or other potential hurdles to admissibility.

4. *Motion in Limine of Pearl Investments, LLC, and Dennis Daudelin to Allow Introduction of Evidence Related to the Contents of Jesse Chunn's Over–Written Hard Drive* (Docket Item 72) and *Motion in Limine by Standard I/O and Jesse Chunn No. 1: To Exclude Evidence of the Contents of the Hard Disk Drive* (Docket Item 74). The motion to

exclude any evidence of the contents of the hard disk drive is DENIED and the motion to allow such evidence is GRANTED. The Magistrate Judge's Recommended Decision, as affirmed by me, was not a general evidentiary ruling on this topic, but a ruling that such evidence did not support a claim for misappropriation of trade secrets. Pearl argues that the evidence is nevertheless admissible on its breach of contract claim and in defense against damages on the conversion counterclaim. # 72. The latter argument is no longer pertinent, now that I have ruled that Chunn cannot introduce evidence of software damages on the conversion counterclaim. The evidence may or may not support or be relevant to Pearl's remaining contract claim, that Standard and Chunn breached the nondisclosure agreement by using Scalper to create Chunn's automated trading system. I will have to address that question as the evidence is presented at trial.

So ORDERED.